FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983

RECEIVED
SDNY PRO SE OFFICE
2022 MAR 24 AM 10:15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW ~~JERSEY~~ York

Robert Derek Lorch, Sr.
(Enter above the full name of the plaintiff in this action)

Civil Action No. _____
(To be supplied by the clerk of the court)

V.

① John doe officers that had Plaintiff in their custody and arrested Plaintiff during May 9, 2021 incident, ② MD who ordered medication (Haldol) and nurse who administered it and ③ John doe officers who arrested Plaintiff during second incident and escorted him to Bellevue hospital.
(Enter above the full name of the defendant in this action)

### INSTRUCTIONS -- READ CAREFULLY

1. This complaint must be legibly handwritten or typewritten, signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question, attach a separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction descends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3. You must provide the full name of <u>each</u> defendant or defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for <u>each defendant</u> to the Clerk. Do not send the complaint directly to the defendants.

5. Upon receipt of a fee of $120.00, your complaint will be filed. You will be responsible for services of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedures.

6. If you do not have the necessary filing fee, you may request permission to proceed in <u>forma pauperis</u>, in which event you must execute the application accompanying this form, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in <u>forma pauperis</u>, you <u>must also</u> submit a certified copy of your trust fund account statement (or institutional equivalent) which must reflect all deposits on your account for the 6-month period immediately preceding submission of this application, obtained from the appropriate official of each prison at which you are or were confined.

7. If you are given permission to proceed in <u>forma pauperis</u>, you may be required to pay an initial filing fee. If so, no complaint will be filed unless this initial filing fee is paid. You will also be required t make monthly payments of 20 percent of the preceding month's income credited to your account. The Department of Corrections shall forward payments from your account to the Clerk each time the amount in the account exceeds $10 until the filing fee is paid. The Clerk will prepare and issue a copy of the summonses and the copies of the complaint which you have submitted shall be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete <u>in full</u> and return the forms to the Marshal.

8. Applications for leave to proceed in <u>forma pauperis</u> which do not conform to these instructions will be returned by the Clerk with a notation as to the deficiency.

## QUESTIONS TO BE ANSWERED

1. Previous Lawsuits
   (a) Have you filed any other suits in federal or state court since you were imprisoned?
   [ ] Yes   [ ] No

   (b) If your answer to (a) is "Yes", describe the lawsuit in the spaces below. (if there is more than one suit, describe the additional suits on a separate sheet, answering the same question for each suit.
   i. Parties to previous suit:

   Plaintiffs: _____

   _____

   Defendants: _____

   _____

2

ii. Court (If Federal court, name the district, if state court, name the County)_____

_____

iii. Docket Number: _____

iv. Name of Judge to whom case was assigned: _____

_____

Is

v. Disposition (for example: Was the suit dismissed? Was there an Appeal? it still pending?)_____

vi. Approximate date of filing suit: _____

vii. Approximate date of disposition: _____

viii. Issue in previous suit? _____

_____

_____

2. Place of present confinement? Atlantic county justice facility

3. Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for the additional plaintiffs. If any.)

A. Name of plaintiff: Robert Derek Lorch Jr.

   Address: 5060 Atlantic Avenue/Mays Landing, NJ/08330

   Inmate Number: 01-282463

B. First Defendant -- name: _____

   Official Position: _____

   Place of employment: _____

3

How is this person involved in the case? (i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

-See attached-

C. If there is more than one defendant, attach a separate sheet. For each specify: (1) Name, (2) Official position, (3) Place of employment, and (4) Involvement of the defendant.

4. Statement of claims

(State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

-See Attached-

<u>Violation of 14th amendment</u>
<u>right to refuse medica-</u>
<u>tion</u>

The court recognized that New York law accorded every adult of "sound mind" the right to determine what shall be done with his own body... and to control the course of his medical treatment (River v. Katz, 67 N.Y. 2d 485).

An involuntarily committed patient has a "liberty interest in avoiding the unwanted administration of antipsychotic drugs (Fisk v. Letterman, 501 F. Supp. 2d 505). The right to refuse medication, however, is not absolute, and may be outweighed by competing state interests" (Graves v. Midhodson, No. cv-04-3957, 2006 U.S. Dist. Lexis 81494).

The New York Code of Rules and Regulations provides that "patients who object to any proposed medical treatment or procedure... may not be treated over their objection except" in narrow circumstances, including "where the patient is presently dangerous and the proposed treatment is the most appropriate reasonably available means of reducing that dangerousness" (14 N.Y.C.R.R. §527.8(c)(1).

However, due process does not "require a guarantee that a physician's assessment of the likelihood of serious harm be correct" (Rodriguez, 72 F.3d at 1062).

Therefore, "a doctor will not be liable under §1983 for the treatment decisions she makes unless such decisions are 'such a substantial departure from accepted judgment, practice, or standards as to demonstrate that [she] actually did not base the decision on such a judgment" (Kulak v. City of New York, 88 F.3d 63).

The NYCRR defines "dangerous" to mean "that a patient engages in conduct or is imminently likely to engage in conduct posing a risk of physical harm to himself or others (§527.8(a)(4)).

Now, In the instant matter, the Plaintiff did not pose a danger to himself or others nor did he threaten staff or NYPD by saying he would punch them in the face on the day of the incident (NYPD had body cams, I would like the footage of the incident disclosed).

Furthermore, these professionals couldn't have used professional judgment, when they treated the Plaintiff over his objection because they medicated the Plaintiff with a medication he was allergic to that's listed in their records of the Plaintiff that's readily available to them that Haldol is a medication allergy of the Plaintiff.

On my arrival to the hospital, hospital officials medicated me over my objection with a medication I was allergic to (Haldol) all because I was arguing with NYPD for bringing me to the hospital pursuant to MHL 9.41 without any justification according to law (Incident date: May 9, 2021) (I suffered a reaction on the day of the Incident).

Prior to being medicated, I was not asked by anyone in the hospital my medication allergies (not that I recall), however, this information (my medication allergies) is available in my patient's file and this medication should of never been administered.

Parties Liable: ① John doe MD that ordered the medication and ② John doe RN RN that administered the medication

Note: I was not charged with trespassing on the day of the Incident.

| Fourth amendment violation | |
|---|---|
| | False arrest claim |
| False arrest under MHL § 9.41 | |

Under MHL § 9.41, a police officer "may take into custody [and remove to a hospital] any person who appears to be mentally ill and is conducting ... herself [or himself] in a manner which is likely to result in serious harm to the person or others" (N.Y. Mental Hyg. Law § 9.41).

In assessing whether an officer had probable cause to arrest a person under this statue, courts apply the same objective reasonableness standard that governs Fourth amendment claims (Kerman v. City of New York, 261 F.3d 229).

Thus, in cases involving arrests under MHL § 9.41 probable cause exists where "the facts and circumstances known to the officers at the time [of the arrest] were sufficient to warrant a person of reasonable caution to believe that the plaintiff might be mentally ill and was conducting themselves in a manner likely to result in serious harm to themselves or others (Dunkelberger v. Dunkelberger, 2015 U.S. Dist. Lexis 133814).

Now under New York Law, which is applicable here, "an action for false arrest requires that the plaintiff show that (1) the defendant intended to confine him (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (Broughton v. State, 37 N.Y. 2d 451).

Moving forward, in the instant matter, once the plaintiff was arrested and transported to "Bellevue Hospital" the first three elements of this claim was satisfied by default.

However, in regards to the fourth element of this false arrest pursuant to MHL § 9.41, a defendant's conduct is only privileged where there was probable cause (Tsesarskaya v. City of NY) to believe that the individual was a danger to themselves or others (Glowczenski

v. Taser Int'l Inc., No. 04-cv-7052, 2010 U.S. Dist. LEXIS 47129)(Before a person can be seized and detained for psychiatric evaluation, an official must have probable cause to believe that the person is dangerous to himself or others).

On May 9, 2021, the Plaintiff had ordered food at a small store in the Times square area that prepare meals in small microwavable trays. As my food was being prepared, I had plugged my phone into an outlet located in the store. Once my meal was prepared, I ate my meal and continued to charge my phone.

The store owner then became irritated because I was using the outlet located in the dining area of the store and told me I have to leave, nobody else was force to leave even though I bought food just the same, so I refused.

911 was called and officers responded being very hostile. When I informed them that I'm a paying costumer and I'm not leaving, when they asked me to do so (I was still eating), they placed me under arrest stating I'm going to the hospital.

I was not a danger to myself or others, when I was placed under arrest. I was only arrested because NYPD wanted to remove me from the premises unlawfully and used MHL 9.41 to do so.

Parties Liable ~~[redacted]~~

① John Doe Officer #1, that arrested me, and ② arresting officer's partner that was at the hospital with the plaintiff

*Margin notes:*
- Fourth amendment violation
- False arrest under MHL §9.41
- Second Incident

## False arrest claim

Under MHL §9.41, a police officer "may take into custody [and remove to a hospital] any person who appears to be mentally ill and is conducting... herself or himself in a manner which is likely to result in serious harm to the person or others" (N.Y. Mental Hyg. Law §9.41).

In assessing whether an officer had probable cause to arrest a person under this statue, courts apply the same objective reasonableness standard that governs Fourth amendment claims (Kerman v. City of New York, 261 F.3d 229).

Thus, in cases involving arrests under MHL §9.41 probable cause exists where "the facts and circumstances known to the officers at the time [of the arrest] were sufficient to warrant a person of reasonable caution to believe that the Plaintiff might be mentally ill and was conducting themselves in a manner likely to result in serious harm to themselves or others (Dunkelberger v. Dunkelberger, 2015 U.S. Dist. Lexis 133819).

Now under New York Law, which is applicable here, "an action for false arrest requires that the plaintiff show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged (Broughton v. State, 37 N.Y.2d 451).

Moving forward, in the instant matter, once the plaintiff was arrested and transported to "Bellevue Hospital" the first three elements of this claim was satisfied by default.

However, in regards to the fourth element of this false arrest pursuant to MHL §9.41, a defendant's conduct is only privileged where there was probable cause to believe that the individual was a danger to themselves or others (see

afskaya v. City of NY)(Glowczenski v. Taser Int'l Inc., No. 04-CV-4052/2010 U.S. Dist. Lexis 97129)(Before a person can be seized and detained for psychiatric evaluation, an official must have probable cause to believe that the person is dangerous to himself or others).

Between the dates of Aug.15, 2021 to Oct.15, 2021, the plaintiff had just arrived in NYC from Philadelphia and attempted to check in at the millenium hotel (located between 44th and 45th street on 7th avenue)(In time Square).

However, when the plaintiff arrived at the check-in area of the hotel (close to the 44th st entrance), the plaintiff was informed that there were no rooms available.

Even though the plaintiff didn't make a prior reservation, the plaintiff was willing to pay an early check in fee and got frustrated with the desk clerk for telling him there were no rooms available without checking the computer (especially, due to the fact that the plaintiff was in possession of $8500 and wanted to get off the streets because it was dangerous walking around with that type of money at that time of night)(If I'm not mistaken, it was in the am when I tried to check in).

Nevertheless, due to that frustration I called the desk clerk "a bitch" and walked out the hotel. As I walked out, I felt someone following me and turned around in time to see someone putting me in a chokehold from behind.

Now I was not able to stop the chokehold but I was able to prevent the person from putting their arms around my neck by pulling their forearms away from my neck (while I was doing this, the shopping bag I was carrying containing jeans, white t-shirts and the rolls of money fell on the floor).

I struggled with the person that attempted to choke me for at least a minute while someone they was with took my bag and another person they was with (I think) called 911.

When police arrived, I was released from the chokehold and handcuffed then placed in an ambulance. I informed police I was robbed, please dont let them do this. Officers disregarded my cries (or pleas) and transported me to Bellevue. When I got to Bellevue (or whatever hospital I was transported to), I informed the doctor that someone placed me in a chokehold, robbed me and then used 911 to remove me from the scene.

I further informed them that I told police the person(s) that had me in a chokehold and called the police robbed me but they disregarded anything I told them and still removed me unlawfully from the scene.

The doctor that saw me let me go that same morning and even though my efforts were to no avail, I attempted to look for my shopping bag. Because of this incident, I was humiliated and put in a bad financial predicament.

Parties Liable: John doe Officers who seized and transported me to the hospital.

note: I was not a danger to myself or others when I was seized on the day of the incident and I informed officers I was the victim (which they did nothing).

4

5. Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

Im suing each Individual defendant for $1,000,000 (1 million dollars) in compensatory damages and $1,000,000 (1 million dollars) in punitive damages.

6. Do you request a jury or a non-jury trial? (Check only one)

[✓] Jury Trial          [ ] Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___18th___ day of ___March___, 20_22_

_____
Signature of Plaintiff

EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT.

RECEIVED
SDNY PRO SE OFFICE
2022 MAR 24  AM 10: 16

<u>Declaration of Perjury In</u>

<u>Support of IFP</u>

<u>application</u>

I, Robert Derek Lurch Sr., declare under the penalty of perjury that the following is true and correct:

① On February 23, 2021 in Lurch v. Bernal (21-cv-1558(cm)), U.S.D.J. Colleen McMahon declared that the plaintiff was barred from seeking IFP status due to the three strikes he accrued under the PLRA's three strike rule.

② The cases that were used to satisfy these strikes under the Prison Litigation Reform act were the following: ① Lurch v. City of New York (18-cv-2379), ② Lurch v. N.Y.C. Dept of Corr. (16-cv-3835) and ③ Lurch v. Fayetteville Police dept (5:13-cv-0394)

③ Now according to the PLRA, any action or appeal that is used to constitute a strike has to be filed when the plaintiff was incarcerated or detained and it has to be dismissed as frivolous, malicious, or dismissed on the grounds that it failed to state a claim.

④ If this court reviews the third case that was used to bar me from seeking IFP status, Lurch v. Fayetteville police dept (5:13-cv-0394), it will learn that the plaintiff filed this case in person at 500 pearl street using the following address: 2809 Clarendon rd./Brooklyn, New York/11226.

(5) Therefore, the third case can not be used to bar the plaintiff from seeking IFP status because the plaintiff was not incarcerated when he filed that matter.

(6) also, Even though the appeal that was filed in regards to that matter was filed when the plaintiff was incarcerated, it was dismissed for the lack of jurisdiction and can not constitute a strike either.

(7) The Plaintiff is being erroneously barred from seeking IFP status and should as a matter of Law be granted this status in this matter.

Executed on: 3/18/2022          Inmate #: 01-282463

name: Robert Derek Lurch Jr.          Signature: _____

address: 5060 Atlantic avenue
         Mays Landing NJ
              08330



Robert Derek Lurch Jr.
Inmate #: 01-282463
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

Southern district of new york
United states district court
500 pearl street
new york, ny 10007

RECEIVED MAR 24 2022 PRO SE OFFICE

RECEIVED MAR 23 2022 CLERK'S OFFICE S.D.N.Y.

USMS SDNY

Pro Se (LMK)