UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH, JR.,

                Plaintiff,

-against-

JOHN DOE OFFICERS, et al.,

                Defendants.

22-CV-4055 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

        On March 24, 2022, Plaintiff, who is currently incarcerated at the Atlantic County Justice Facility in New Jersey, filed a *pro se* prisoner civil rights complaint asserting claims arising from two unrelated incidents in which police officers detained him under New York Mental Health Law § 9.41 and brought him to a psychiatric hospital. The first claim arose on May 9, 2021, and the second occurred at some point between August 15, 2021 and October 15, 2021. *See Lurch v. Doe*, ECF 1:22-CV-2324, 2 (S.D.N.Y.) ("*Lurch I*"). By order dated May 16, 2022, the Court severed the claims that occurred between August 15, 2021 and October 15, 2021, and directed that they be opened as a separate action. The severed claims were opened as a new action under this docket number, 22-CV-4055 (LTS).

        To proceed with a civil action in this Court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account. *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this Court without prepayment of fees must therefore authorize the Court

to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1] from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Although Plaintiff was granted IFP status in *Lurch I*, the severed claims constitute a new civil action. *See Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) ("[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independently.") (internal quotation marks and citation omitted). Thus, Plaintiff must either pay the filing fees or seek IFP status for this new action. *See Abreu v. Brown*, ECF 1:18-CV-1634, 58, 2018 WL 10125142, at *1 (S.D.N.Y. Mar. 16, 2018) (holding severed claims constitute a new action and requiring plaintiff to pay the fees or submit an IFP application).

Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application and prisoner authorization. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 22-CV-4055 (LTS).[2]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

---

[1] The $52.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

[2] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as frivolous or malicious, or for failure to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury and must pay the filing fees at the time of filing any new federal civil action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 24, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge