UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH JR.,

                Plaintiff,

      -against-

JOHN DOE OFFICERS,

                Defendants.

22-CV-4055 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that, after he was assaulted and robbed, police officers detained him under New York Mental Health Law § 9.41 and transported him to a psychiatric hospital. By order dated August 4, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff originally filed a complaint asserting claims arising from two unrelated incidents in which police officers detained him under New York Mental Health Law § 9.41 and transported him to a psychiatric hospital. The first claim arose on May 9, 2021, when a store owner in Times Square called the police, and the second occurred at some point between August 15, 2021, and October 15, 2021, when someone called 911 after Plaintiff was assaulted and robbed. On May 16, 2022, the Court determined that severance of Plaintiff's claims was warranted because they did not arise out of the same transactions and did not raise common questions of law or fact. *See Lurch v. Doe*, ECF 1:22-CV-2324, 6 (S.D.N.Y. May 16, 2022). Thus, Plaintiff's claims

concerning the second incident that occurred between August 15, 2021, and October 15, 2021, were severed from *Lurch v. Doe*, No. 22-CV-2324, and opened as a new action under this case number.

The following information is drawn from the complaint with respect to the second incident. At some point between August 15, 2021 and October 15, 2021, Plaintiff arrived in Manhattan from Philadelphia, and attempted to get a room at the Millennium Hotel in Times Square. He did not have a reservation at the hotel and the desk clerk told him that there were no rooms available without checking the computer. Plaintiff "got frustrated with the desk clerk" because he had $8500 in cash with him and "wanted to get off the streets because it was dangerous walking around with that type of money at that time of night." (ECF 1, at 10.)Due to his frustration, Plaintiff "called the desk clerk a 'bitch,' and walked out of the hotel." (*Id*.)

As he exited the hotel, Plaintiff felt as if someone was following him, and when he turned around, someone put him in a chokehold from behind. In the struggle, Plaintiff dropped his shopping bag and his clothing and "rolls of money" fell on the floor." (*Id*.) While Plaintiff was still in the chokehold, someone took his bag and money and someone else called 911.

When the police arrived, the officers handcuffed Plaintiff and placed him in an ambulance. (*Id*. at 11.) He told the police officers that he had been assaulted and robbed, but they "disregarded [his] cries or pleas" and took him to Bellevue or another psychiatric hospital – he is not sure which. After being evaluated, Plaintiff was discharged from the hospital that same morning. He thereafter attempted to recover his shopping bag, to no avail. Plaintiff sues the John Doe officers who seized and transported him to the hospital, asserting that he was not a danger to himself or others, and instead "was the victim." (*Id*.) Plaintiff seeks monetary damages.

## DISCUSSION

Plaintiff's allegations suggest that he is attempting to assert a claim that he was falsely arrested and taken to a mental health facility. "A [Section] 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted); *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of [a] constitutional tort, we must look for 'tort analogies.'").

Under New York law, a plaintiff claiming false arrest must prove four elements: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (citing *Broughton v. New York*, 37 N.Y.2d 451 (1975)). In the mental health context, New York law provides that a police officer "may take into custody any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others." N.Y. Mental Hyg. Law § 9.41.15.[2]

Probable cause to believe that the criteria for a mental health arrest under Section 9.41 have been met is a defense to a false arrest claim. *Kerman v. City of New York*, 261 F.3d 229, 235

---

[2] New York's mental health statute defines the phrase "likely to result in serious harm" as:

> (a) a substantial risk of physical harm to the person as manifested by threats of or attempts at suicide or serious bodily harm or other conduct demonstrating that the person is a danger to himself or herself, or (b) a substantial risk of physical harm to other persons as manifested by homicidal or other violent behavior by which others are placed in reasonable fear of serious physical harm.

N.Y. Mental Hyg. Law § 9.01.

4

n.8 (2d Cir. 2001) ("We interpret [N.Y. Mental Hyg. Law § 9.41] consistently with the requirements of the Fourth Amendment and therefore assume that the same objective reasonableness standard is applied to police discretion under this section."); *Tsesarskaya v. City of New York*, 843 F. Supp. 2d 446, 455 (S.D.N.Y. 2012) (police officers' "conduct is privileged where there was probable cause to believe that [the plaintiff] was a danger to herself or others"). For a mental health arrest, "police officer must have 'reasonable grounds for believing that the person seized is dangerous to herself or others.'" *Guan v. City of New York*, __ F.4th __, 2022 WL 2183339, at *4 (2d Cir. 2022) (quoting *Anthony v. City of New York*, 339 F.3d 129, 137 (2d Cir. 2003); *see Heller v. Bedford Cent. Sch. Dist.*, 144 F. Supp. 3d 596, 621-22 (S.D.N.Y. 2015) ("[A] showing of probable cause in the mental health seizure context requires only a probability or substantial charge of dangerous behavior, not an actual showing of such behavior." (citation omitted)), *aff'd*, 65 F. App'x 49 (2d Cir. 2016).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest"). Where the facts surrounding the arrest are uncontroverted, the determination as to whether probable cause existed may be made by the court as a matter of law. *Weyant*, 101 F.3d at 852. Even where factual disputes exist, a Section 1983 claim may fail if the plaintiff's version of

5

events is sufficient to establish probable cause to arrest. *Mistretta v. Prokesch*, 5 F. Supp. 2d 128, 133 (E.D.N.Y. 1998).

Here, Plaintiff contends that police officers falsely arrested him after he was assaulted and robbed and unlawfully transported him to a psychiatric hospital. Although he asserts that he was not a danger to himself or others, Plaintiff does not provide sufficient facts about what happened that led the police to arrest and take him to the hospital. Further, he has not included sufficient facts to identify the police officers who allegedly violated his rights. Plaintiff fails to provide the specific date of the incident, the number of John Doe officers or any description of them, the psychiatric hospital to which he was taken, or other facts that would allow the New York City Law Department to identify these officers. Given Plaintiff's *pro se* status, the Court grants him leave to submit an amended complaint to allege facts indicating that he has a viable false arrest claim. In addition, if Plaintiff does not know the names of the officers whom he alleges falsely arrested him, he may continue to list them as John Doe defendants in the caption of the complaint, but he should provide a description of them, along with other information about the officers that would assist in identifying them.[3]

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those

---

[3] On June 16, 2022, Plaintiff submitted a "motion to compel defendants to preserve evidence and to assist in pinpointing the day of the incident." (ECF 5). In that motion, Plaintiff requests an order directing the City of New York to obtain from the Millennium Hotel videotape footage of the alleged evidence which would "help the defendants if the plaintiff's allegations are fallacious and it will help the plaintiff if his allegations are true." (*Id*. at 2.) At this juncture, the Court denies this request without prejudice.

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe"[5] in both the caption and the body of the amended complaint.[6]

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

---

defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Police Officer John Doe #1, on duty on August 31, 2020, at the NYPD Precinct 5, during the 7 a.m. to 3 p.m. shift."

[6] The naming of John Doe defendants does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's *Pro Se* Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-4055 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's "motion to compel defendants preserve evidence and to assist in pinpointing the day of the incident" (ECF 5) is denied at this juncture. All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 15, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City          State          Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

**IV.     DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: _____
First Name            Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

Defendant 2: _____
First Name            Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

Defendant 3: _____
First Name            Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

Defendant 4: _____
First Name            Last Name                    Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City                    State                    Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

Page 5

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6