**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**ROBERT DEREK LURCH, JR.,**

                         **Plaintiff,**

            **- against -**

**P.O. GILLIAN FRANCIS, ET AL.,**

                         **Defendants.**
_____

                                    **22-cv-4055 (JGK)**

                                    <u>ORDER</u>

**JOHN G. KOELTL, District Judge:**

    The Court is in receipt of the <u>pro se</u> plaintiff's request for
an extension of time to serve in order to ensure that the United
States Marshals Service ("USMS") has effected service on defendant
Emmanuel Mendoza (ECF No. 37). The Court is also in receipt of the
plaintiff's letter indicating that he has not received the answer
to his complaint or any other subsequent filings due to his
transfer to a different facility (ECF No. 39).

    The plaintiff is advised that defendant Emmanuel Mendoza was
served by the USMS on June 5, 2023, and he has already appeared in
the action. Accordingly, the plaintiff's request for an extension
of time to serve is **denied** as moot.

    In response to the second request, the Court includes the
following attachments with this Order: the defendants' answer to
the complaint, a copy of the parties' Rule 26(f) report, a copy of
the Civil Scheduling Order entered in this case, and a copy of the
docket sheet. The Civil Scheduling Order contains the relevant
upcoming deadlines in this case.

The Court is also in receipt of the plaintiff's request for an order putting the defendants on notice that the defendants should preserve relevant body camera footage from the alleged incidents described in the complaint (ECF No. 38). No order is necessary. Corporation Counsel is reminded of its obligation to preserve all relevant materials relating to the incidents at issue, including body camera footage.

The Clerk is directed to mail a copy of this Order and all of the attachments to the <u>pro se</u> plaintiff at his new address and to note such mailing on the docket. The Clerk is also directed to close ECF Nos. 37 and 38.

**SO ORDERED.**

**Dated:    New York, New York
           August 23, 2023**

                                    /s/ John G. Koeltl
                              **John G. Koeltl
                         United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ROBERT DEREK LURCH, Jr.,

Plaintiff,

- against -

P.O. GILLIAN FRANCIS (SHIELD # 18393), P.O.
JONATHAN RUIZ (SHIELD # 29010), and P.O.
ENMANUEL MENDOZA (SHIELD # 05660),

Defendants.
------------------------------------------------------------------- X

**ANSWER TO THE SECOND
AMENDED COMPLAINT BY
DEFENDANTS GILLIAN
FRANCIS, JONATHAN RUIZ,
AND ENMANUEL MENDOZA**

22-CV-4055 (JGK)

**Jury Trial Demanded**

Defendants Gillian Francis, Jonathon Ruiz, and Enmanuel Mendoza, by their attorney Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the Second Amended Complaint, respectfully allege, upon information and belief, as follows:

1.      Deny the allegations set forth in Section "I" of the Second Amended Complaint, except admit that plaintiff purports to proceed as stated herein.

2.      Deny the allegations set forth in Section "II" of the Second Amended Complaint, except admit, upon information and belief, that plaintiff was detained at the New York City Department of Correction ("DOC") George R. Vierno Center ("GRVC") on Rikers Island, 09-09 Hazen Street, East Elmhurst in Queens, New York, on or about December 12, 2022.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Section "III" of the Second Amended Complaint.

4.      Deny the allegations set forth in Section "IV" of the Second Amended Complaint, except admit that defendants Francis, Ruiz and Mendoza were members of the New York City Police Department ("NYPD") on or about August 24, 2021.

5.      Deny the allegations set forth in Section "V(1)"[1] of the Second Amended Complaint, except admit that plaintiff was lawfully handcuffed by defendants Ruiz and Mendoza on August 24, 2021 near 1500 Broadway, New York, New York 10036, at approximately 7:00 AM.

6.      Paragraph "V(2)" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

7.      Paragraph "V(3)" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

8.      Paragraph "V(4)" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

9.      Paragraph "V(5)" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

10.     Deny the allegations set forth in Paragraph "V(6)" of the Second Amended Complaint; to the extent this Paragraph contains conclusions of law rather than averments of fact, no response is required.

11.     Paragraph "V(7)" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "V(8)" of the Second Amended Complaint.

---

[1] For the Court's convenience, defendants have numbered each individual paragraph in Section "V of the Second Amended Complaint. The labeled Second Amended Complaint is attached as Exhibit A.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "V(9)" of the Second Amended Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "V(10)" of the Second Amended Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "V(11)" of the Second Amended Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "V(12)" of the Second Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "V(13)" of the Second Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "V(14)" of the Second Amended Complaint, except admit that a 911 call was made.

19.     Deny the allegations set forth in Paragraph "V(15)" of the Second Amended Complaint.

20.     Deny the allegations set forth in Paragraph "V(16)" of the Second Amended Complaint, except admit that defendants Ruiz and Mendoza lawfully handcuffed plaintiff and defendant Francis escorted plaintiff to Bellevue Hospital soon thereafter.

21.     Deny the allegations set forth in Paragraph "V(17)" of the Second Amended Complaint, except admit that defendants Ruiz and Mendoza lawfully handcuffed plaintiff and defendant Francis escorted plaintiff to Bellevue Hospital soon thereafter.

22.     Deny the allegations set forth in Paragraph "V(18)" of the Second Amended Complaint except admit that defendants Ruiz and Mendoza lawfully handcuffed plaintiff and defendant Francis escorted plaintiff to Bellevue Hospital soon thereafter.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "V(19)" of the Second Amended Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "V(20)" of the Second Amended Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "V(21)" of the Second Amended Complaint.

26.     Deny the allegations set forth in Section "V(22)" of the Second Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

27.     Deny the allegations set forth in Paragraph "V(23)" of the Second Amended Complaint; to the extent this Paragraph contains conclusions of law rather than averments of fact, no response is required.

28.     Deny the allegations set forth in Section "V(24)" of the Second Amended Complaint.

29.     Paragraph "V(25)" of the Second Amended Complaint contains conclusions of law rather than averments of fact, and thus no response is required.

30.     Deny the allegations set forth in Section "V(26)" of the Second Amended Complaint.

31.     Deny the allegations set forth in Paragraph "V(27)" of the Second Amended Complaint; to the extent this Paragraph contains conclusions of law rather than averments of fact, no response is required.

32.     Deny the allegations set forth in Section "V(28)" of the Second Amended Complaint.

33.     Deny the allegations set forth in Section "VI" of the Second Amended Complaint, except admit that plaintiff purports to seek relief as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

34.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

35.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants Francis, Ruiz, or Mendoza.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

36.      Defendants Frances, Ruiz, and Mendoza have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants Frances, Ruiz, and Mendoza violated any acts of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

37.     At all times relevant to the acts alleged in the Second Amended Complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion and/or judgmental functions/decisions.   Therefore, the individual defendants are entitled to governmental immunity from liability on any purported state law claims.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

38.     To the extent that plaintiff alleges claims under New York State law, such claims may be barred, in whole or in part, because of plaintiff's failure to comply with New York General Municipal Law §§ 50(e), et seq.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

39.     Defendants Frances, Ruiz, and Mendoza have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

40.     Plaintiff may have failed to mitigate his alleged damages.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

41.     Plaintiff may have provoked any incident because, *inter alia*, plaintiff was acting irate, yelling at NYPD officers, and threatening to punch the NYPD officers.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

42.     Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

43.     There was probable cause for plaintiff's detention because, *inter alia,* plaintiff was acting irate, yelling at NYPD officers, and threatening to punch the NYPD officers.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

44.     Any seizure of plaintiff was privileged pursuant to New York State Mental Hygiene Law § 9.41.

6

**WHEREFORE,** defendants Frances, Ruiz, and Mendoza request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          June 21, 2023


                              **HON. SYLVIA O. HINDS-RADIX**
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants Frances, Ruiz, and*
                              *Mendoza*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-5054


                     By:     /s/ *Bailey Forcier*
                             _____
                             Bailey Forcier
                             *Assistant Corporation Counsel*
                             Special Federal Litigation Division


cc:     **<u>Via First-Class Mail</u>**
        Robert Derek Lurch
        *Plaintiff* pro se
        Book & Case No. 825-220-0446
        George R. Vierno Center
        09-09 Hazen Street
        East Elmhurst, NY 11370

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Derek Lurch Jr.

_____

Write the full name of each plaintiff.

-against-

① P.O. Gillian Francis (shield #:18393), ②
P.O. Jonathan Ruiz (shield #: 29060) and
③ P.O. Ennanuel Mendoza (shield #: 05660)

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

22 CV 4055 (JGK)

(Include case number if one has been assigned)

**SECOND AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

| | | |
|---|---|---|
| Robert | O | Lurch |
| First Name | Middle Initial | Last Name |

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

825 2200 496
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

GRVC
Current Place of Detention

09-09 Hazen St.
Institutional Address

| | | |
|---|---|---|
| East Elmhurst | NY | 11370 |
| County, City | State | Zip Code |

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☑  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.  DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: 

Gillian | Francis | 18393
First Name | Last Name | Shield #

Police Officer
Current Job Title (or other identifying information)

357 West 35th Street
Current Work Address

New York | NY | 10001
County, City | State | Zip Code

Defendant 2:

Jonathan | Ruiz | 29010
First Name | Last Name | Shield #

Police Officer
Current Job Title (or other identifying information)

25 Central avenue
Current Work Address

Brooklyn | NY | 11206
County, City | State | Zip Code

Defendant 3:

Emmanuel | Mendoza | 05660
First Name | Last Name | Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City | State | Zip Code

Defendant 4:

_____
First Name | Last Name | Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City | State | Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  44 Street between 6st and 7th avenue

1

Date(s) of occurrence:  August 24, 2021 (between the hours of 5am to 9am)

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

-See Attached-

Fourth amend-
ment violation

## False arrest claim

False arrest
under MHL §9.41

Under MHL 89.41, a police officer "may take into custody [and remove
to a hospital] any person who appears to be mentally ill and is conducting
... herself or himself in a manner which is likely to result in serious harm
to the person or others" (N.Y. Mental Hyg. Law 89.41).

In assessing whether an officer had probable cause to arrest a person
under this statue, courts apply the same objective reasonableness standard
that governs Fourth amendment claims (Kerman v. City of New York, 261 F.3d
229).

Thus, in cases involving arrests under MHL §9.41 probable cause exists
where "the facts and circumstances known to the officers at the time [of
the arrest] were sufficient to warrant a person of reasonable caution to
believe that the plaintiff might be mentally ill and was conducting them-
selves in a manner likely to result in serious harm to themselves or others
(Dunkelberger v. Dunkelberger, 2015 u.s. Dist Lexis 133814).

Now under New York law, which is applicable here, "an action for false
arrest requires that the plaintiff show that (1) the defendant intended to con-
fine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff
did not consent to the confinement and (4) the confinement was not other-
wise privileged (Broughton v. State, 37 N.Y. 2d 451).

Moving forward, in the instant matter, once the plaintiff was arrested
and transported to "Bellevue Hospital" the first three elements of this claim
was satisfied by default.

However, in regards to the Fourth element of this False arrest pursuant
to MHL §9.41, a defendant's conduct is only privileged where there was prob-
able cause to believe that the individual was a danger to themselves or others (Tses-
arskaya v. City of NY) (Glowczenski v. Taser Int'l Inc, No.04-cv-4052, 2010 u.s,

Dist. Lexis 47129)(Before a person can be seized and detained for psych-iatric evaluation, an official must have probable cause to believe that the person is dangerous to himself or others).

8    On August 21, 2021, the plaintiff had just arrived in NYC from Phila-delphia and attempted to check-in at the millenium hotel (located between 44th and 45th street between 7th and 6th avenue)(In New York, NY).

9    However, when the plaintiff arrived at the check-in area of the hotel (close to the 44th st. entrance), the plaintiff was informed that there were no rooms available.

10   Even though the plaintiff didn't make a prior reservation, the plaintiff was willing to pay an early check-in fee and got frustrated with the desk clerk for telling him there were no rooms available without checking the computer (especially, due to the fact that the plaintiff was in posession of $8500 and wanted to get off the streets because it was dangerous walking around with that type of money at that time of night)(If I'm not mistaken, it was in the am when I tried to check in).

11   Nevertheless, due to that frustration I called the desk clerk "a bitch" and walked out the hotel (note: there was no confrontation between me and the desk clerk as a result of that utterance, I don't even believe she heard

12   me) as I walked out, I felt someone following me and turned around in time to see someone putting me in a chokehold from behind.

13   Now I was not able to stop the chokehold but I was able to prevent the person from putting their arms around my neck by pulling their forearms away from my neck (while I was doing this, the shopping bag I was carrying con-taining jeans, white t-shirts and the rolls of money fell on the floor).

14   I struggled with the person that attempted to choke me for at least a minute while someone they was with took my bag and another person they was with (I think) called 911.

15. When the Police arrived, the white muscular male that had me in a chokehold, informed the responding officers that I'm acting crazy and I need to go to the hospital while he still had me in his grasp.

16. The responding officers did not investigate any further and started to approach me to arrest me in order to transport me to the nearest hospital to be hospitalized pursuant to MHL §9.41.

17. I was then released by the male that had me in a chokehold and the Police arrested me, placing me in an ambulance to be transported (one was already on scene).

18. Prior to being placed in the ambulance, I informed officers that I did not do nothing and I'm being robbed, please don't let them do this. The officers disregarded my cries (or pleas) and transported me to Bellevue, anyway.

19. When I got to Bellevue, I informed the doctor that someone placed me in a chokehold, robbed me and then used 911 to remove me from the scene.

20. I further informed them that I told police the person(s) that had me in a chokehold had robbed me and called 911 but they disregarded anything I told them and still removed me, unlawfully, from the scene.

21. The doctor that saw me, let me go that same morning and even though my efforts were to no avail, I attempted to look for my shopping bag. Because of this incident, I was humiliated and put in a bad financial predicament.

22.

23. Moving forward, if we analyze the circumstances of this incident and evaluate whether the officers were justified in seizing the plaintiff pursuant to MHL §9.41, this court will conclude as the plaintiff did that these defendants were not justified in seizing the plaintiff based off of the mere accusation that the plaintiff was acting crazy without inquiring any further.

24. At the time the officers arrived, the plaintiff was in a chokehold, the responding officers never even bothered to ask what did the plaintiff do to be subdued in this type of manner nor did they inquire from the person actively

choking the plaintiff; what behavior did the plaintiff exhibit that was considered crazy?

25  It can not be said that actual probable cause existed to justify this seizure pursuant to MHL 9.41 or arguable probable cause existed.

These officers just took the word of someone that was actively choking the Plaintiff, when they arrived. The person that had the Plaintiff in a chokehold

26  did not communicate to officers that the Plaintiff was threatening anyone physically or verbally nor did this person inform the police that the plaintiff was trying to harm himself or anyone else for that matter.

The Plaintiff was unlawfully seized off the mere accusation that he

27  was acting crazy without officers observing any conduct by the plaintiff to corroborate this (Body cam footage of officers that was present at the scene will show) or being informed that the plaintiff exhibited any conduct that would of justified a mental health seizure pursuant to MHL §9.41.

Parties Liable: ① P.O. Gillian Francis, ② P.O. Jonathan Ruiz and ③ P.O. Emmanuel Mendoza

---
---
---
---
---
---
---
---
---

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

**28**

① mental anguish, ② Humiliation and embarassment, ③ devasting Financial loss and ④ violation of my 4th amendment protections to be Free From unreasonable search and seizures

---
---
---

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

officer

I'm suing each Individual FOR $1 million dollars In compensatory damages and $1 million dollars In Punitive damages.

---
---
---
---
---

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| 12/7/2022 | _(signature)_ |
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| Robert | D | Lurch |
| First Name | Middle Initial | Last Name |

09-09 Hazent St.
Prison Address

| | | |
|---|---|---|
| New York | NY | 11370 |
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing:   12/8/2022

Page 6

"Exhibits"

Name: Robert Dereck Lurch Jr.     Date: 12/6/2022     Signature: _____

Docket #: 22-cv-4055

"Exhibt
A"

"Document showing admission time and discharge
Time at Bellevue Hospital"

**NYC HEALTH+ HOSPITALS**  |  **Bellevue**

BELLEVUE HOSPITAL CENTER
462 1st Ave
New York NY 10016

Patient:Lurch, Robert
MRN: 3598032, DOB: 11/28/1990, Sex: M
Acct #: 204629781
Admit: 8/24/2021, Discharge: 8/24/2021

## Events (continued)

**Transfer In at 8/24/2021 0920**

| | | |
|---|---|---|
| Unit: Bellevue ED ADULT | Room: ED16 L | Bed: ED16 L |
| Patient class: Emergency | Service: Emergency | |

**ED Transfer at 8/24/2021 0920**

| | | |
|---|---|---|
| Unit: Bellevue ED ADULT | Room: ED16 L | Bed: ED16 L |
| Patient class: Emergency | Service: Emergency | |

**Discharge at 8/24/2021 1155**

| | | |
|---|---|---|
| Unit: Bellevue ED ADULT | Room: ED16 L | Bed: ED16 L |
| Patient class: Emergency | Service: Emergency | |

**Discharge at 8/24/2021 1155**

| | | |
|---|---|---|
| Unit: Bellevue ED ADULT | Room: ED16 L | Bed: ED16 L |
| Patient class: Emergency | Service: Emergency | |

## Allergies as of 8/24/2021

Reviewed by Jean-Paul Norero, RN on 7/4/2021

| | Noted | Reaction Type | Reactions | Deletion Reason |
|---|---|---|---|---|
| Haldol [haloperidol] | 10/12/2019 | Allergy | | |

## Medical as of 8/24/2021

### Past Medical History

| Diagnosis | Date | Comments | Source |
|---|---|---|---|
| Bipolar disorder (HCC) | — | — | Provider |

## Surgical as of 8/24/2021

None

# ED Records

## ED Arrival Information

| Expected | Arrival | Acuity |
|---|---|---|
| - | 8/24/2021 08:10 | Urgent (3) |

| Means of arrival | Escorted by | Service | Admission type |
|---|---|---|---|
| EMS NYU Hospitals Center | Police | Emergency | Emergency |

Arrival complaint
-

## Chief Complaint

| Complaint | Comment |
|---|---|
| **Alcohol Intoxication [160023]** | combative |

## ED Diagnosis

| Diagnosis | Comment |
|---|---|
| **Alcoholic intoxication without complication (HCC)** | |

## ED Disposition

"EXhibiT
B"

"Document (Medical record of Incident) showing what

Information was told to hospital staff by NYPD

and the Plaintiff"

① Plaintiff actually told the admitting psych $8500 was

taken but they only documented $4,000

NYC
**HEALTH+**
**HOSPITALS** | **Bellevue** | BELLEVUE HOSPITAL CENTER
462 1st Ave
New York NY 10016 | Patient:Lurch, Robert
MRN: 3598032, DOB: 11/28/1990, Sex: M
Acct #: 204629781
Admit: 8/24/2021, Discharge: 8/24/2021

## Patient Education (continued)

### Flowsheets (all recorded) (continued)

| Behavior | |
|---|---|
| Exhibited Behavior | N/A  -YZ |
| Row Name | 0839 |

| Assessment | |
|---|---|
| Airway Obstructed? | Patent  -YZ |
| Chest Assessment | Chest expansion symmetrical  -YZ |
| Respiratory Pattern | Regular  -YZ |
| Breath Sounds Right | Clear  -YZ |
| Breath Sounds Left | Clear  -YZ |
| Pulses | Present  -YZ |
| Head and Face | Symmetrical  -YZ |
| Mucous Membranes | Intact  -YZ |
| Note: | Pt BIB NYPD, not under custody. Pt agitated and yelling. As per NYPD patient got into an altercation at the Millenium Hotel with security, as per pt he was placed in a choke hold. Patient is upset after losing/robbed of $4,000 and 2 bags of weed. 1:1 placed for safety. Currently patient isredirectable. Denies ETOH or drug use.  -YZ |

### Vitals - Tue August 24, 2021

| Row Name | 0819 |
|---|---|

| Screening Vitals | |
|---|---|
| BP | 114/61  -BO |
| Pulse | 89  -BO |
| Resp | 16  -BO |
| Row Name | 0819 |

"Exhibit C"

"Declaration of Perjory In Support of complaint"

"Declaration of Perjury in
support of complaint"

I, Robert Derek Lurch Jr., declare under the Penalty of Perjury that the following is true and correct:

① I did not get into an alteration with millenium Hotel security, I believe it was one of its owner's own personal security detail.

② Prior to being placed in an unlawful chokehold, I did not engage in a verbal dispute with anyone.

③ Due to being placed in an unlawful chokehold, I dropped a shopping bag containing $8500 and my personal belongings in an attempt to prevent the assailant from choking me to the degree Im unconscious.

④ NYPD was told by my attacker that I was acting crazy and needed to go to the hospital (nothing more, nothing less)(I was then seized).

⑤ Officers did not inquire from my attacker as to what behavior did I exhibit that was deemed to be acting crazy.

⑥ At the time I was seized by NYPD, I was actively being choked by my attacker.

⑦ at no time during the Incident did I exhibit Inebriated behavior nor was I under the Influence (The plaintiff was just a little choked up from being robbed or for better words, having my shopping bag full of valuable possessions being taken from me)

⑧ I requested at the time of the seizure by NYPD to retrieve my possessions but was denied by officers.

Executed on: 12/7/2022        Name: Robert Derek Lurch Jr.        Signature: [signature]

Docket #: 22-cv-4055

Robert Derek Lurch Jr.
Band c # 18252200446
GRVC
09-09 Hazen St.
East Elmhurst, NY
          11373



RECEIVED
SDNY PRO SE OFFICE

2027 DEC 12  PM 3: 07

Pro se office
Southern district of New York
United States District court
500 Pearl street
New York, NY
         10007



Legal mail



**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**BAILEY FORCIER**
*Assistant Corporation Counsel*
Tel.: (212) 356-5054
Fax: (212) 356-3509
bforcier@law.nyc.gov

July 7, 2023

**VIA ECF**
Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

         Re:    <u>Robert Derek Lurch, Jr., v. P.O. John Doe #1, et al.,</u>
               22-Civ-4055 (JGK)

Your Honor:

      I represent defendants Gillian Francis, Enmanuel Mendoza, and Jonathan Ruiz in the above-referenced matter. Defendants write pursuant to Your Honor's Individual Rules of Practice and the Court's June 22, 2023 Order. The parties conferred on July 5, 2023 via telephone pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Accordingly, the parties jointly submit the instant letter detailing their proposed discovery plan.

      By way of background, plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that, on August 20, 2021, after he was assaulted and robbed, New York City Police Department ("NYPD") officers unlawfully detained him under New York Mental Health Law § 9.41 and transported him to Bellevue Hospital for psychiatric evaluation. (<u>See</u> ECF No. 16). On June 22, 2023, the Court ordered the parties to file a Rule 26(f) report by July 10, 2023. (<u>See</u> ECF No. 33).

      The parties respectfully submit the following proposed discovery plan pursuant to Fed. R. Civ. P. 26(f)(3):

      **26(f)(3)(A)**    Initial disclosures will be exchanged by **July 24, 2023**.

      **26(f)(3)(B)**    The parties require discovery in regard to the incident that forms the basis of plaintiff's claims, and defendants require discovery into plaintiff's claimed damages and

1

the defenses raised in the answer. Defendants anticipate that fact discovery should be completed by **November 10, 2023**. Plaintiff anticipates that fact discovery should be completed by **December 2024**. Presently, the parties do not anticipate any expert discovery.

**26(f)(3)(C)**      At this juncture, the parties do not anticipate conducting discovery of any electronically stored information. The parties do, however, reserve the right to seek discovery of electronically stored information if same becomes necessary during the course of this litigation.

**26(f)(3)(D)**      In the event that plaintiff seeks discovery of employment and/or disciplinary records for any New York Police Department Officer, or other employee of the City of New York, defendants will seek a protective order limiting use of the same.

**26(f)(3)(E)**      Upon information and belief, defendants have identified all NYPD employees who plaintiff seeks to sue in this action pursuant to the Court's September 27, 2022 <u>Valentin</u> Order. (<u>See</u> ECF Nos. 12 and 15). Plaintiff indicated that he is unsure at this time whether he intends to add other defendants to this case.

**26(f)(3)(F)**      At this point, the parties do not seek a Court order under Rule 26(c) or under Rule 16(b) and (c) of the Federal Rules of Civil Procedure. It is possible, however, that defendants will seek a protective order as discussed above, and may seek a protective order to preclude the disclosure of information that is protected by the law enforcement privilege if same becomes necessary during the course of this litigation.

We thank the Court for its consideration herein.

Respectfully submitted,

*/s/ Bailey Forcier*
Bailey Forcier
Assistant Corporation Counsel
Special Federal Litigation Division

cc:      **<u>Via First-Class Mail</u>**[1]
Robert Derek Lurch
*Plaintiff* pro se
Book & Case No. 825-220-0446
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, NY 11370

---

[1] Upon information and belief, plaintiff was released from the George R. Vierno Center on or around April 23, 2023. Therefore, his address on the docket is no longer current. However, when the undersigned conferred with plaintiff on July 5, 2023, plaintiff refused to provide his current address and has not yet updated the docket.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Robert Derek Lurch, Jr.,

Plaintiff,

22-cv-4055 (JGK)

- against -

**CIVIL SCHEDULING ORDER**

P.O. Gillian Francis, et al.,

Defendants.

**JOHN G. KOELTL, District Judge:**

Pursuant to Fed. R. Civ. P. 16(b), ~~after holding a conference in this matter~~ on ~~_____~~, the Court hereby orders that:

**Pleadings and Parties:** Except for good cause shown:
1. No additional parties may be joined or cause of action asserted after _9/1/23_.
2. No additional defenses may be asserted after _9/29/23_.

**Discovery**: Except for good cause shown, all discovery shall be commenced in time to be completed by _12/15/23_ The Court expects discovery to be completed within 60 days of the first scheduling conference unless, after the expiration of that 60 day period, <u>all</u> counsel stipulate that additional time (not to exceed 60 more days) is needed to complete discovery. The expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be made at least 30 days before the completion of discovery.

**Dispositive Motions:**[*] Dispositive motions, if any, are to be completed by _1/12/24_. The parties are advised to comply with the Court's Individual Practice 2(B) regarding motions, and to submit one fully briefed set of courtesy copies to the Court.

**Pretrial Order/Motions in Limine:**[*] A joint pretrial order, together with any motions in limine or motions to bifurcate, shall be submitted by _2/9/24_. In jury cases, parties shall submit requests to charge and voir dire requests. In non-jury cases, the parties shall also submit

---

[*] **Note:** In the event a **dispositive motion** is made, the dates for submitting the **Joint Pretrial Order** (together with Memoranda of Law, Requests to Charge, Proposed Voir Dire, Proposed Findings of Fact and Conclusions of Law, as appropriate) shall be changed from that shown above to **three (3) weeks** from the decision on the motion. The **ready trial date** shall be adjourned to a date **four (4) weeks** after the decision on the dispositive motion. The final pretrial conference, if any, will be scheduled by the Deputy Clerk.

At any time, **after the ready for trial date**, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts, including, but not limited to, trials and vacations, that would prevent a trial at a particular time. Such notice must come **before** counsel are notified by the Court of an **actual trial date, not after.** Counsel should notify the Court and all other counsel in writing, at the earliest possible time of any particular scheduling problems involving out-of-town witnesses or other exigencies.

proposed findings of fact and conclusions of law. The pretrial order shall conform to the Court's Form Joint Pretrial Order, a copy of which may be obtained from the Deputy Clerk.

**Trial:** \* The parties shall be ready for trial on _98_ hours notice on or after _3/4/24_. The estimated trial time is ___ days, and this a jury _____/non-jury _____ trial.

**Other:**

_____    The case is referred to the Magistrate Judge for purposes of settlement (See attached Reference Order).

__✓__    The parties will notify the Court by _12/5/23_ whether a reference to the Magistrate Judge would be useful for purposes of settlement and whether they consent to trial before the Magistrate Judge. The parties may communicate with the Court with respect to these matters by joint letter. If the parties consent to trial before the Magistrate Judge, they are directed to do so by stipulation.

**SO ORDERED.**

**Dated: New York, New York**

_7/10/23_

JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

ECF,PRO-SE

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:22-cv-04055-JGK
## Internal Use Only

Lurch, Jr. v. John Doe
Assigned to: Judge John G. Koeltl
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 05/18/2022
Jury Demand: Both
Nature of Suit: 555 Prisoner: Prison Condition
Jurisdiction: Federal Question

**Plaintiff**

**Robert Derek Lurch, Jr.**                represented by    **Robert Derek Lurch, Jr.**
BC#3102300365
OBCC
16-00 Hazen St.
E. Elmhurst, NY 11370
PRO SE

V.

**Defendant**

**John Doe**
*Officers who arrested Plaintiff during*
*second incident and escorted him to*
*Bellevue hospital*
*TERMINATED: 08/29/2022*

**Defendant**

**P.O. John Doe #1**
*(on duty on 8/20/21, dispatched to 44 St.*
*between 7th and 6th Ave. during the 11 pm*
*to 7 am shift)*
*TERMINATED: 12/12/2022*

**Defendant**

**P.O. John Doe #2**
*same as John Doe #1*
*TERMINATED: 12/12/2022*

**Defendant**

**P.O. Jane Doe #1**
*(same as John Doe #1- same identifying*
*info)*
*TERMINATED: 12/12/2022*

**Defendant**

**P.O .. Gillian Francis**
*Shield #18393*

**Defendant**

**P.O. Jonathan Ruiz**

**Defendant**

**P.O. Emmanuel Mendoza**

**Interested Party**

**Office of the Corporation Counsel**                represented by    **Bailey Forcier**
                                                                        New York City Law Department
                                                                        100 Church Street
                                                                        Room 3-152
                                                                        New York
                                                                        New York, NY 10007
                                                                        212-356-5054
                                                                        Email: bforcier@law.nyc.gov
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/18/2022 | 1 | COMPLAINT against John Doe. Document filed by Robert Derek Lurch, Jr...(rdz) (Entered: 05/18/2022) |
| 05/18/2022 |  | Case Designated ECF. (rdz) (Entered: 05/18/2022) |
| 05/18/2022 | 🔒 | (Court only) *** Set/Clear Flags *** Added flag(s):PRO SE. (rdz) (Entered: 05/18/2022) |
| 05/18/2022 | 🔒 | (Court only) *** Set/Clear Flags *** Added flag(s):PRO SE REVIEW. (rdz) (Entered: 05/18/2022) |
| 05/18/2022 | 🔒 | (Court only) ***Staff Notes: No IFP, No PLRA. Case opened as per Order in case 22cv2324..(rdz) (Entered: 05/18/2022) |
| 05/18/2022 | 🔒 | (Court only) Pro Se Staff Attorney E. Souffrant [Telephone Extension 0693] assigned case. Pro Se Staff Attorney Flag PSA-Souffrant set. Pro Se Staff Attorney Action (Screening Memo to Judge/Sua Sponte Order to Dismiss, Amend or Transfer, or Order to Answer) due by 6/17/2022. (rdz) (Entered: 05/18/2022) |
| 05/23/2022 |  | NOTICE OF CASE REASSIGNMENT - SUA SPONTE to Judge Laura Taylor Swain. Judge Unassigned is no longer assigned to the case. (vba) (Entered: 05/23/2022) |
| 05/24/2022 | 2 | ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION & PRISONER AUTHORIZATION: Plaintiff is directed to render payment of the filing fees or submit an IFP application & Prisoner Authorization to this Court's *Pro Se* Unit within thirty (30) days of the date of this Order. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Filing Fees due by 6/23/2022. In Forma Pauperis (IFP) Application due by 6/23/2022. Prisoner Authorization Form due by 6/23/2022. (Signed by Chief Judge Laura Taylor Swain |

| | | |
|---|---|---|
| | | on 5/24/2022) (Attachments: # 1 IFP Application, # 2 Prisoner Authorization) (ees) (Entered: 05/24/2022) |
| 05/25/2022 | | MAILING RECEIPT: Document No: 2. Mailed to: Robert Derek Lurch,Jr. 01-282463 Atlantic County Justice Facility 5060 Atlantic Avenue Mays landing, NJ 08330. Mailed: (Attachments: # 1 IFP Application, # 2 Prisoner Authorization) (dsh) (Entered: 05/25/2022) |
| 06/08/2022 | 3 | APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS. Document filed by Robert Derek Lurch, Jr.(sc) (Entered: 06/08/2022) |
| 06/08/2022 | 4 | PRISONER AUTHORIZATION. Document filed by Robert Derek Lurch, Jr.(sc) (Entered: 06/08/2022) |
| 06/16/2022 | 5 | MOTION TO COMPEL DEFENDANTS TO PRESERVE VIDEO EVIDENCE & TO ASSIST IN PRESENTING THE DAY OF THE INCIDENT. Document filed by Robert Derek Lurch, Jr..(sc) (Entered: 06/16/2022) |
| 08/04/2022 | 6 | ORDER GRANTING IFP APPLICATION IN PRISONER CASE: The Clerk of Court is directed to send a copy of this order and the prisoner authorization to the agency having custody of Plaintiff. That agency is directed to forward copies of Plaintiff's prison trust fund account for the past six months and to disburse the payments required under 28 U.S.C. § 1915 to the United States District Court for the Southern District of New York and to include the above docket number on the disbursement before sending it to the Court. If Plaintiff is transferred to another facility, the current facility shall provide a copy of this order to the facility to which Plaintiff is transferred. Finally, it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so. (Signed by Judge Laura Taylor Swain on 8/4/2022) (vn) (Entered: 08/04/2022) |
| 08/05/2022 | | Mailed a copy of 6 Order Granting IFP Application in Prisoner Case, to the warden/superintendent of Atlantic County Justice Facility at 5060 Atlantic Avenue Mays landing, NJ 08330. (dsh) (Entered: 08/05/2022) |
| 08/08/2022 | 7 | PRO SE MEMORANDUM, dated 7/13/22 re: CHANGE OF ADDRESS for Robert Derek Lurch, Jr. New Address: B&C#8252200446, 09-09 Hazen Street, E. Elmhurst, New York, 11370. (sc) Modified on 8/9/2022 (sc). (Entered: 08/08/2022) |
| 08/11/2022 | 8 | PRO SE MEMORANDUM, dated 8/4/22 re: CHANGE OF ADDRESS for Robert Derek Lurch, Jr. New Address: ID#825-220-0446, GRVC, 09-09 Hazen Street, E. Elmhurst, New York, 11370. (sc) (Entered: 08/12/2022) |
| 08/15/2022 | 9 | ORDER TO AMEND: Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Courts Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-4055 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's "motion to compel defendants preserve evidence and to assist in pinpointing the day of the incident" (ECF 5) is denied at this juncture. All other pending matters are terminated. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he |

| | | |
|---|---|---|
| | | seeks review of a nonfrivolous issue).SO ORDERED. ORDER denying [5] Motion to Compel. (Signed by Judge Laura Taylor Swain on 8/15/22) (rdz) (Entered: 08/15/2022) |
| 08/15/2022 | 🔒 | (Court only) *** Set/Clear Flags *** Added flag(s):30/60. (rdz) (Entered: 08/15/2022) |
| 08/16/2022 | | MAILING RECEIPT: Document No: 9. Mailed to: Robert Derek Lurch,Jr. B&C#8252200446 09-09 Hazen Street East Elmhurst, NY 11370. (kh) (Entered: 08/16/2022) |
| 08/29/2022 | 🔒 | (Court only) *** Party John Doe #1, P.O. John Doe #2 and P.O. Jane Doe #1 added. Party John Doe (Officers who arrested Plaintiff during second incident and escorted him to Bellevue hospital) terminated. (sc) (Entered: 08/29/2022) |
| 08/29/2022 | 10 | AMENDED COMPLAINT against P.O.John Doe #1, P.O. Jane Doe #1, P.O. John Doe #2 amending [1] Complaint with JURY DEMAND.Document filed by Robert Derek Lurch, Jr.. Related document: [1] Complaint.(sc) (Entered: 08/29/2022) |
| 09/27/2022 | | NOTICE OF CASE REASSIGNMENT to Judge John G. Koeltl. Judge Laura Taylor Swain is no longer assigned to the case. (vba) (Entered: 09/27/2022) |
| 09/27/2022 | | Magistrate Judge Valerie Figueredo is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (vba) (Entered: 09/27/2022) |
| 09/27/2022 | 🔒 11 | (Court only) Screening Memo to Judge Recommending: Valentin Order. Proposed Order deadline set for 10/7/2022. (Attachments: # [1] Valentin Order) (ees) (Entered: 09/27/2022) |
| 09/27/2022 | 12 | VALENTIN ORDER: The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, New York 10007. A second amended complaint form is attached to this order. The Clerk of Court is further directed to mail an information package to Plaintiff. SO ORDERED. (Signed by Judge John G. Koeltl on 9/27/2022) (ks) Transmission to Docket Assistant Clerk for processing. Transmission to Pro Se Assistants for processing. (Entered: 09/27/2022) |
| 09/28/2022 | 🔒 | (Court only) Pro Se Staff Attorney Assignment Completed. (ees) (Entered: 09/28/2022) |
| 09/28/2022 | | Mailed a copy of [1] Complaint, [12] Valentin Order, to the New York City Law Department at 100 Church Street, New York, New York 10007. (dsh) (Entered: 09/28/2022) |
| 09/29/2022 | 13 | INFORMATION PACKAGE MAILED to Robert Derek Lurch, Jr. B&C #8252200446 G.R.V.C. 09-09 Hazen Street East Elmhurst, NY 11370, at, on 9/29/2022 Re: [12] Valentin Order. The following document(s) were enclosed in the Service Package: a copy of the order of service or order to answer and other orders entered to date, the individual practices of the district judge and magistrate judge assigned to your case, Instructions for Litigants Who Do Not Have Attorneys, Notice Regarding Privacy and Public Access to Electronic Case Files, a Motions guide, a notice that the Pro Se Manual has been discontinued, a Notice of Change of Address form to use if your contact information changes, a handout explaining matters handled by magistrate judges and consent form to complete if all parties |

| | | |
|---|---|---|
| | | agree to proceed for all purposes before the magistrate judge. (aan) (Entered: 09/29/2022) |
| 11/28/2022 | 14 | PRO SE MEMORANDUM. dated 11/19/22 re: CHANGE OF ADDRESS for Robert Derek Lurch, Jr. New Address: B&C# 8252200495, 09-09 Hazen St., E. Elmhurst, New York, 11370. (sc) (Entered: 11/28/2022) |
| 11/28/2022 | 15 | LETTER addressed to Judge John G. Koeltl from Zachary Kalmbach dated November 28, 2022 re: Complying with Court's Valentin Order. Document filed by Office of the Corporation Counsel..(Kalmbach, Zachary) (Entered: 11/28/2022) |
| 12/12/2022 | 🔒 | (Court only) *** Party Gillian Francis, Jonathan Ruiz and Emmanuel Mendoza added. Party P.O. Jane Doe #1 ((same as John Doe #1- same identifying info)) and P.O. John Doe #2 (same as John Doe #1) terminated. (sc) (Entered: 12/13/2022) |
| 12/12/2022 | 🔒 | (Court only) *** Party John Doe #1 ((on duty on 8/20/21, dispatched to 44 St. between 7th and 6th Ave. during the 11 pm to 7 am shift)) terminated. (sc) (Entered: 12/13/2022) |
| 12/12/2022 | 16 | SECOND AMENDED COMPLAINT, Re: amending 10 30/60 Days Amended Complaint against Gillian Francis, Emmanuel Mendoza, Jonathan Ruiz with JURY DEMAND.Document filed by Robert Derek Lurch, Jr.. Related document: 10 30/60 Days Amended Complaint.(sc) (Entered: 12/13/2022) |
| 12/19/2022 | 17 | LETTER addressed to Judge John G. Koeltl from R. Lurch Jr., dated 12/13/22 re: Due to the prejudicial treatment, I am having a hard time litigating this case and others. If it can, I would like the Court to resolve this issue on my behalf. The jail calls to the Court are recorded, and the recording of those calls will shed light on the unprofessional conduct being exhibited toward the pro se litigants contacting the Pro Se Office. Document filed by Robert Derek Lurch, Jr.(sc) Modified on 12/19/2022 (sc). (Entered: 12/19/2022) |
| 12/21/2022 | 18 | ORDER: The Court has received the plaintiff's letter dated December 13, 2022. ECF No. 17. The Court advises the plaintiff that there have been no updates in this case after the plaintiff filed his second amended complaint on December 12, 2022, which named as defendants the three New York Police Department officers whom the Court had previously ordered the New York City Law Department to identify pursuant to Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997). See ECF Nos. 12, 15, 16. The Clerk is directed to mail a copy of this Order to the plaintiff and to note service on the docket. SO ORDERED. (Signed by Judge John G. Koeltl on 12/21/2022) (ks) (Entered: 12/21/2022) |
| 12/22/2022 | | MAILING RECEIPT: Document No: 18. Mailed to: Robert Derek Lurch,Jr. B&C#8252200446 09-09 Hazen Street East Elmhurst, NY 11370. (dsh) (Entered: 12/22/2022) |
| 12/23/2022 | 19 | ORDER OF SERVICE: The Clerk of Court is directed to mail a copy of this order to the plaintiff, together with an information package. The Clerk of Court is instructed to complete the USM-285 forms with the addresses for defendants Francis and Ruiz and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is further directed to mail an information package to the plaintiff. SO ORDERED. (Signed by Judge John G. Koeltl on 12/23/2022) (jca) Transmission to Pro Se Assistants for processing. (Entered: 12/23/2022) |
| 12/23/2022 | 🔒 | (Court only) Set/Reset Pro Se Case Tracking Deadlines: Send FRCP 4 Service Package by 1/9/2023. (jca) (Entered: 12/23/2022) |

| | | |
|---|---|---|
| 12/27/2022 | | MAILING RECEIPT: Document No: 19. Mailed to: Robert Derek Lurch,Jr. B&C#8252200446 09-09 Hazen Street East Elmhurst, NY 11370. (ok) (Entered: 12/27/2022) |
| 12/28/2022 | 20 | SUMMONS ISSUED as to Officer Gillian Francis, Officer Jonathan Ruiz. (sha) (Entered: 12/28/2022) |
| 12/28/2022 | | FRCP 4 SERVICE PACKAGE HAND DELIVERED TO U.S.M.: on 12/28/2022 Re: Judge John G. Koeltl 19 Order of Service. The following document(s) were enclosed in the Service Package: Second Amended Complaint, Summons, IFP, Order of Service, Completed U.S.M. form(s) for defendant(s) Officer Gillian Francis, Officer Jonathan Ruiz. (sha) (Entered: 12/28/2022) |
| 01/06/2023 | 21 | LETTER addressed to Judge John G. Koeltl from Zachary Kalmbach dated January 6, 2023 re: Status Update to the Court Regarding November 28, 2022 Response to the Valentin Order. Document filed by Office of the Corporation Counsel.. (Kalmbach, Zachary) (Entered: 01/06/2023) |
| 01/06/2023 | 22 | ORDER OF SERVICE: The Clerk of Court is directed to mail a copy of this order to the plaintiff, together with an information package. The Clerk of Court is instructed to complete the USM-285 forms with the address for defendant Mendoza and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is further directed to mail an information package to the plaintiff. SO ORDERED. SO ORDERED. (Signed by Judge John G. Koeltl on 1/6/2023) (ks) Transmission to Pro Se Assistants for processing. (Entered: 01/06/2023) |
| 01/06/2023 | 🔒 | (Court only) Set/Reset Pro Se Case Tracking Deadlines: Send FRCP 4 Service Package by 1/23/2023. (ks) (Entered: 01/06/2023) |
| 01/10/2023 | 23 | SUMMONS ISSUED as to Enmanuel Mendoza. (sha) (Entered: 01/10/2023) |
| 01/10/2023 | | FRCP 4 SERVICE PACKAGE HAND DELIVERED TO U.S.M.: on 1/10/2023 Re: Judge John G. Koeltl 22 Order of Service. The following document(s) were enclosed in the Service Package: Second Amended Complaint, Summons, IFP, Order of Service, Completed U.S.M. form(s) for defendant(s) Enmanuel Mendoza. (sha) (Entered: 01/10/2023) |
| 01/10/2023 | | Mailed a copy of 22 Order of Service, to Robert Derek Lurch, Jr., B&C #8252200446 at G.R.V.C. 09-09 Hazen Street, East Elmhurst, NY 11370. (sha) (Entered: 01/10/2023) |
| 04/17/2023 | 24 | LETTER MOTION for Extension of Time *for defendant Francis to respond to the Second Amended Complaint* addressed to Judge John G. Koeltl from Bailey Forcier dated April 17, 2023. Document filed by Office of the Corporation Counsel.. (Forcier, Bailey) (Entered: 04/17/2023) |
| 04/17/2023 | 25 | ORDER granting 24 Letter Motion for Extension of Time. APPLICATION GRANTED. (Signed by Judge John G. Koeltl on 4/17/2023) (tro) (Entered: 04/18/2023) |
| 04/17/2023 | 🔒 | (Court only) ***Deadlines Terminated*** The following deadline(s) was terminated:. Answer Due Date. (tro) (Entered: 04/18/2023) |
| 04/19/2023 | | MAILING RECEIPT: Document No: 25. Mailed to: Robert Derek Lurch,Jr. B&C#8252200446 09-09 Hazen Street East Elmhurst, NY 11370. (kh) (Entered: 04/19/2023) |

| 05/24/2023 | | Received returned mail re: 25 Order on Motion for Extension of Time. Mail was addressed to Robert Derek Lurch,Jr. B&C#8252200446 09-09 Hazen Street East Elmhurst, NY 11370 and was returned for the following reason(s): Return To Sender- Insufficient Address. (ta) (Entered: 05/24/2023) |
|---|---|---|
| 05/26/2023 | 26 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE UNEXECUTED as to Emmanuel Mendoza. Attempted Service of Summons and Amended Complaint. Service was attempted on 5/26/23. Document filed by Robert Derek Lurch, Jr. (sc) (Entered: 05/30/2023) |
| 05/31/2023 | 27 | ORDER OF SERVICE: The Clerk of Court is directed to mail a copy of this order to the plaintiff, together with an information package. The Clerk of Court is instructed to complete the USM-285 forms with the address for defendant Mendoza and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is further directed to mail an information package to the plaintiff. SO ORDERED. (Signed by Judge John G. Koeltl on 5/31/2023) (jca) Transmission to Pro Se Assistants for processing. (Entered: 05/31/2023) |
| 05/31/2023 | 🔒 | (Court only) Set/Reset Pro Se Case Tracking Deadlines: Send FRCP 4 Service Package by 6/15/2023. (jca) (Entered: 05/31/2023) |
| 05/31/2023 | 28 | SUMMONS ISSUED as to Emmanuel Mendoza. (ta) (Entered: 05/31/2023) |
| 05/31/2023 | | FRCP 4 SERVICE PACKAGE HAND DELIVERED TO U.S.M.: on 05/31/2023 Re: Judge John G. Koeltl 27 Order of Service. The following document(s) were enclosed in the Service Package: Complaint, Summons, IFP, Order of Service, Completed U.S.M. form(s) for defendant(s) Emmanuel Mendoza. (ta) (Entered: 05/31/2023) |
| 05/31/2023 | | Mailed a copy of 27 Order of Service to Robert Derek Lurch, Jr. B&C #8252200446 G.R.V.C. 09-09 Hazen Street East Elmhurst, NY 11370. (ta) (Entered: 05/31/2023) |
| 06/06/2023 | 29 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED. Summons and Amended Complaint served. Jonathan Ruiz, served on 5/31/2023, answer due 6/21/2023. Service was accepted by PVAA Gouff. Document filed by Robert Derek Lurch, Jr. (sc) (Entered: 06/06/2023) |
| 06/06/2023 | 30 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED as to Gillian Francis. Service of Summons and Amended Complaint. Service was executed on 6/1/23. Service received by Gillian Francis, P.O.(Midtown South Pct.) Document filed by Robert Derek Lurch, Jr. (sc) Modified on 6/7/2023 (sc). Modified on 6/7/2023 (sc). (Entered: 06/06/2023) |
| 06/09/2023 | 31 | MARSHAL'S PROCESS RECEIPT AND RETURN OF SERVICE EXECUTED. Summons and Amended Complaint served. Emmanuel Mendoza, served on 6/5/2023, answer due 6/26/2023. Service was accepted by Angela, Rm. 110. Document filed by Robert Derek Lurch, Jr. (sc) (Entered: 06/12/2023) |
| 06/20/2023 | | Received returned mail re: 27 Order of Service. Mail was addressed to Robert Derek Lurch, Jr., B&C #8252200446, G.R.V.C., 09-09 Hazen Street, East Elmhurst, NY 11370 and was returned for the following reason(s): Return To Sender Insufficient Address Unable To Forward. (vn) (Entered: 06/22/2023) |
| 06/21/2023 | 32 | ANSWER to 16 Amended Complaint with JURY DEMAND. Document filed by Gillian Francis, Emmanuel Mendoza, Jonathan Ruiz. (Attachments: # 1 Exhibit A). (Forcier, Bailey) (Entered: 06/21/2023) |

| 06/22/2023 | 33 | ORDER: The parties are directed to file a Rule 26(f) report by July 10, 2023. SO ORDERED. (Signed by Judge John G. Koeltl on 6/22/2023) (vfr) (Entered: 06/22/2023) |
| 06/23/2023 |  | MAILING RECEIPT: Document No: 33. Mailed to: Robert Derek Lurch,Jr. B&C#8252200446 09-09 Hazen Street East Elmhurst, NY 11370. (ok) (Entered: 06/23/2023) |
| 07/07/2023 | 34 | RULE 26(f) DISCOVERY PLAN REPORT.Document filed by Gillian Francis, Emmanuel Mendoza, Jonathan Ruiz..(Forcier, Bailey) (Entered: 07/07/2023) |
| 07/10/2023 | 35 | CIVIL SCHEDULING ORDER: Dispositive motions, if any, are to be completed by 1/12/24. A joint pretrial order, together with any motions in limine or motions to bifurcate, shall be submitted by 2/9/24. Joinder of Parties due by 9/1/2023. Motions due by 2/9/2024. Discovery due by 12/15/2023. Pretrial Order due by 2/9/2024. Ready for Trial by 3/4/2024. (Signed by Judge John G. Koeltl on 7/10/2023) (ate) (Entered: 07/10/2023) |
| 07/10/2023 |  | Received returned mail re: 33 Order. Mail was addressed to Robert Derek Lurch,Jr. B&C#8252200446, 09-09 Hazen Street, East Elmhurst, NY 11370 and was returned for the following reason(s): Return To Sender. (vn) (Entered: 07/14/2023) |
| 07/12/2023 |  | MAILING RECEIPT: Document No: 35. Mailed to: Robert Derek Lurch,Jr. B&C#8252200446 09-09 Hazen Street East Elmhurst, NY 11370. (ok) (Entered: 07/12/2023) |
| 07/31/2023 | 36 | PRO SE MEMORANDUM dated 7/31/23 re: CHANGE OF ADDRESS for Robert Derek Lurch Jr. New Address: 151 Lawrence Street, 9th Fl., Brooklyn, NY, 11201. (sc) (Entered: 08/02/2023) |
| 08/10/2023 |  | Received returned mail re: 35 Scheduling Order. Mail was addressed to Robert Derek Lurch,Jr., B&C#8252200446, 09-09 Hazen Street, East Elmhurst, NY 11370 and was returned for the following reason(s): Return To Sender No Such Number Unable to Forward Return To Sender Unable To Forward, Return To Sender. (vn) (Entered: 08/10/2023) |
| 08/11/2023 |  | Re-Mailed a copy of 35 Scheduling Order, to Robert Derek Lurch, Jr. 151 Lawrence St., 9th Fl., Brooklyn, NY, 11201. (vn) (Entered: 08/11/2023) |
| 08/11/2023 |  | Re-Mailed a copy of 33 Order to Robert Derek Lurch, Jr., 151 Lawrence St., 9th Fl., Brooklyn, NY 11201. (vn) (Entered: 08/11/2023) |
| 08/21/2023 | 37 | MOTION FOR AN EXTENSION OF TIME TO EFFECT SERVICE ON DEFENDANTS. Document filed by Robert Derek Lurch, Jr.(sc) (Entered: 08/22/2023) |
| 08/21/2023 | 38 | MOTION,Re: for the defendants to be on notice to preserve body cam footage of the incident. Document filed by Robert Derek Lurch, Jr.(sc) (Entered: 08/22/2023) |
| 08/21/2023 | 39 | LETTER addressed to Judge John G. Koeltl from R. Lurch, dated 8/16/23 re: Due to frequent address changes caused by multiple unfortunate incarcerations, I have not received any answer to my Complaint nor have I received a 12(B) Motion from the defendants etc. Therefore, if any of these documents were submitted by defendants, the plaintiff would like to be provided with them in order to stay in compliance with deadlines to respond to motions. Document filed by Robert Derek Lurch, Jr..(sc) (Entered: 08/22/2023) |
| 08/21/2023 | 40 | PRO SE MEMORANDUM, dated 8/15/23 re: CHANGE OF ADDRESS for Robert Derek Lurch. New Address: BC#3102300365, 16-00 Hazen St., E. Elmhurst, NY, |

11370. (sc) (Entered: 08/22/2023)