

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**BAILEY FORCIER**
*Assistant Corporation Counsel*
Tel.: (212) 356-5054
bforcier@law.nyc.gov

April 18, 2024

**BY ECF**
Honorable Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Robert Derek Lurch, Jr., v. P.O. Gillian Francis, et al.,</u>
              22 Civ. 4055 (JGK) (VF)

Your Honor:

      I represent defendants New York City Police Department ("NYPD") officers Gillian Francis, Jonathan Ruiz, and Emmanuel Mendoza in the above-referenced matter. Defendants write to respectfully request that the Court order plaintiff to execute a § 160.50 release and medical releases pursuant to HIPAA by a date certain, on pain of dismissal.

      By way of background, plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that, on August 20, 2021, defendants unlawfully detained him under New York Mental Health Law § 9.41 and transported him to Bellevue Hospital. (<u>See</u> ECF No. 16).

      On August 25, 2023, defendants served plaintiff with their Initial Disclosures, a Notice of Deposition, and their First Set of Interrogatories and Request for Production of Documents, which included § 160.50 release and HIPAA releases for plaintiff to sign and return. Plaintiff did not execute the § 160.50 release or HIPAA releases. On October 6, 2023, defendants re-served plaintiff with their First Set of Interrogatories and Request for Production of Documents and additional copies of the § 160.50 release and HIPAA releases. On October 17, 2023, this Office sent plaintiff blank HIPAA releases with specific instructions on how to complete the forms. To date, defendants have not received any signed § 160.50 release, HIPAA releases, or any other communication from plaintiff requesting more time to provide these releases.

      On December 21, 2023, the Court stayed this case pending the conclusion of mediation. (<u>See</u> ECF No. 52). On March 11, 2024, the parties engaged in mediation, which was unsuccessful. Discovery in this matter is currently schedule to close on May 17, 2024.

Accordingly, defendants respectfully request that the Court compel plaintiff to execute the § 160.5 release and medical releases. Plaintiff is challenging the validity of his detainment and transportation to Bellevue Hospital, and claims to have suffered mental health injuries. (See ECF No. 16). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). "Motions to compel, pursuant to Fed. R. Civ. P. 37, are left to the sound discretion of the court." CaféX Communs., Inc. v. Amazon Web Servs., 17-CV-1349 (VM) (KNF), 2018 U.S. Dist. LEXIS 52100, at *21 (S.D.N.Y. Feb. 8, 2018) (citing United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)).

Plaintiff is specifically bringing a claim of false arrest against defendants. The § 160.50 release is necessary for defendant to access the City of New York's own records concerning plaintiff's August 24, 2021 detainment by defendants and, more importantly, plaintiff's arrest history. See, e.g., Cicero v. City of New York, 11 CV 0360 (NGG) (CLP), 2011 U.S. Dist. LEXIS 80880 (E.D.N.Y. July 25, 2011) (granting motion to compel § 160.50 release because details of plaintiff's prior arrest history may be relevant to assessing his emotional injuries in the pending litigation); Wilson v. City of New York, 06 Civ. 229 (AAR) (VVP), 2006 U.S. Dist. LEXIS 90050 at *1-2 (E.D.N.Y. Dec. 13, 2006) (granting motion to compel 160.50 releases because "it could be credibly argued that one who has had a number of prior detentions is likely to have suffered less distress than one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never been detained"); Weir v. City of New York, 05 Civ. 9268 (DFE), 2007 U.S. Dist. LEXIS 98017, at *7-8 (S.D.N.Y. Feb. 16, 2007) ("I direct plaintiff to provide the New York city Law Department…with a signed and notarized release of his rights under New York Criminal Procedure Law Section 160.50…"); Cabble v. Rollieson, 04 Civ. 9413 (FM), 2006 U.S. Dist. LEXIS 7385, at *28-29 (S.D.N.Y. Feb. 26, 2006) ("The motion to compel is therefore granted, and Cabble is directed to execute the Section 160.50 releases and return them to the Law Department"); Lehman v. Kornblau, 206 F.R.D. 345, 348 (E.D.N.Y. 2001) ("As a threshold matter, this court finds that the defendant is, generally, entitled to the 'official records and papers' that were sealed pursuant to § 160.50, and they must be produced, subject to the additional rulings in this order regarding exceptions and privileges raised by the defendants."). Here, plaintiff is claiming emotional injuries stemming from the "false arrest." As such, information about this specific stop and his history of arrests is plainly relevant to mitigate or controvert his damages. Further, access to sealed documents relating to plaintiff's underlying arrest history is needed to adequately defend this matter.

Defendants also seek signed HIPAA releases for plaintiff's medical records. Plaintiff's medical history is relevant to plaintiff's claims regarding the cause and extent of his alleged mental and emotional damages, and plaintiff has waived privilege by affirmatively asserting claims for damages. See e.g., Taylor v. City of New York, 19-CV-6754 (KPF), 2020 U.S. Dist. LEXIS 209279, at *16 (S.D.N.Y. Nov. 9. 2020) (granting motion to compel releases for plaintiff's medical history) (collecting cases); Kelly v. Times/Review Newspapers Corp., No. CV 14-2995 (JMA) (SIL), 2016 U.S. Dist. LEXIS 65579, at *3 (E.D.N.Y. May 18, 2016) ("Where a plaintiff has put his medical condition at issue, discovery of relevant medical records may be warranted.") Here, defendants seek HIPAA releases for Bellevue Hospital—where plaintiff was transported on August 24, 2021—and any mental health provider plaintiff has sought treatment from. Such information is relevant to damages plaintiff seeks and is necessary to defend this matter.

Accordingly, defendants respectfully request that the Court direct plaintiff to execute (1) a § 160.50 release for plaintiff's arrest history and (2) medical releases by a date certain, on pain of dismissal for failure to prosecute to prevent any further continuous and unnecessary delay of this litigation.

Defendants thank the Court for its consideration in this matter.

Respectfully submitted,

/s/ *Bailey Forcier*
Bailey Forcier
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **Via First Class Mail**
Robert Derek Lurch
*Plaintiff* pro se
DIN#24B0013
Cayuga C.F.
P.O. Box 1186
Cayuga, NY 13118

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
DATED: April 22, 2024

The Motion to compel requested herein is granted. The Plaintiff is directed to execute both the § 160.50 release and HIPAA release and return both to the City by May 10, 2024. The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 81.

3